# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MARCUS JENKINS, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 19-cv-673-NJR |
| J.B. PRITZKER, JULIANA STRATTON, LINDSAY PARKHURT, DON HARMON, KWAME RAOUL, and BARBARA FLYNN CURRIE, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Marcus Jenkins, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that Illinois Public Act 10-1182 violates the Constitution. He asserts claims against the defendants (in their official capacities only) under the Fourteenth and Eighth Amendments and seeks declaratory judgment and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Illinois Public Act 100-1182 was signed into law on April 1, 2019 (Doc. 1, p. 8). The Act established a new parole system for youth offenders under the age of twenty-one (21) (*Id*.). The Act does not apply retroactively (*Id*.). Although youths sentenced after June 1, 2019, will benefit from the Act's provisions, including more parole opportunities, those individuals who were sentenced as youths prior to the Act do not benefit from the new parole opportunities. Plaintiff alleges that he is one such inmate as he was sentenced at the age of 16 (*Id*. at p. 9). He alleges that the new Act violates his equal protection rights because it treats juveniles like himself, who were sentenced prior to the Act, differently from those juveniles sentenced after the Act without any rational justification for the different treatment (*Id*. at pp. 9-10). He also alleges that Act constitutes cruel and unusual punishment (*Id*.). He sues all of the defendants in their official capacities.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** Public Act 100-1182 violates Plaintiff's equal protection rights under the Fourteenth Amendment.
>
> **Count 2:** Public Act 100-1182 is unconstitutional because it constitutes cruel and unusual punishment under the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

The Court finds that, at least at this early stage of the case, Plaintiff has stated viable claims in Counts 1 and 2. Plaintiff alleges that the Act treats youth offenders sentenced prior to the Act differently than those sentenced after the Act without a rational basis for treating the two categories of offenders differently. At this stage, that is enough to state a claim. *See Murdock v. Walker*, Case No. 2014 WL 916992, at *13 (N.D. Ill. 2014) (an equal protection claim is based on the principle that "under like circumstances and conditions,' people must be treated alike, unless there is a rational reason for treating them differently") (quoting *LaBella Winnetka, Inc., v. Vill. of Winnetka*, 628 F.3d 937, 941 (7th Cir. 2010)); *Srail v. Vill. of Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009) ("In the absence of deprivation of a fundamental right or the existence of a suspect class, the proper standard of review is rational basis."). He also adequately alleges that the Act constitutes cruel and unusual punishment. *See Ingraham v. Weight*, 430 U.S. 651, 667-68 (1997) (Eighth Amendment "limits the kinds of punishment that can be imposed on those convicted of crimes; second, it proscribes punishment grossly disproportionate to the severity of the crime; and third, it imposes substantive limits on what can be made criminal and punished as such."). Plaintiff alleges that, unlike new youth offenders, he is not given a mid-sentence parole consideration which means he will serve a longer prison term (Doc. 1, p. 9-10).

As Plaintiff only seeks declaratory and injunctive relief, the Court finds that the proper defendant is J.B. Pritzker (in his official capacity only). All other defendants are also sued in their

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

official capacities and, thus, the claims against them are redundant. *Wallace v. Baldwin*, Case No. 18-cv-1513-NJR, 2019 WL 6036742 (S.D. Ill. Nov. 14, 2019).

**Pending Motions**

As to the motion for counsel (Doc. 3), Plaintiff attaches letters from several lawyers who declined to take his case. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because the defendants have not yet been served and a discovery schedule has not been entered. Thus, Plaintiff's motion for counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

**Disposition**

For the reasons set forth above, Counts 1 and 2 shall proceed against J.B. Pritzker (official capacity). All other defendants are **DISMISSED without prejudice**, and the Clerk shall **TERMINATE** them from the docket.

The Clerk of Court shall prepare for Defendant J.B. Pritzker (official capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/23/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant and serve him with a copy of your complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**