# UNITED STATES DISTRICT COURT

for the
Southern District of Illinois

Marcus Jenkins ⟩

⟩ Case Number: 19 cv 673 GCS

⟩ *(Clerk's Office will provide)*

⟩

⟩

*Plaintiff(s)/Petitioner(s)* ⟩ AMENDED

v. ⟩ ☒ CIVIL RIGHTS COMPLAINT
⟩ pursuant to 42 U.S.C. §1983 (State Prisoner)

JB Pritzker ⟩ ☐ CIVIL RIGHTS COMPLAINT
⟩ pursuant to 28 U.S.C. §1331 (Federal Prisoner)

In His Individual And ⟩ ☐ CIVIL COMPLAINT
Official Capacity ⟩ pursuant to the Federal Tort Claims Act, 28 U.S.C.
*Defendant(s)/Respondent(s)* ⟩ §§1346, 2671-2680, or other law

## I.   JURISDICTION

**Plaintiff:**

A.   Plaintiff's mailing address, register number, and present place of
confinement.   Dixon Correctional Center
2600 North Brinton Ave
Dixon, Illinois 61021
# R00902

**Defendant #1:**

B.   Defendant   JB Pritzker   is employed as
(a)   (Name of First Defendant)

Governor
(b)   (Position/Title)

with
(c)   (Employer's Name and Address)

The People Of Illinois

At the time the claim(s) alleged this complaint arose, was Defendant #1
employed by the state, local, or federal government?   ☒ Yes   ☐ No

If your answer is YES, briefly explain:   Governor of Illinois

Rev. 10/3/19

1.

## II.   PREVIOUS LAWSUITS

A.   Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?   ☒Yes   ☐No

B.   If your answer to "A" is YES, describe each lawsuit in the space below.   If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline.   **List ALL lawsuits in any jurisdiction and indicate the court where they were filed to the best of your ability,** including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)).   FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1.   Parties to previous lawsuits:
Plaintiff(s):   Marcus Jenkins

Defendant(s):   SHANEL Barnett, Wexford HEALTH Sources M.D. Ronald SCHaefer

2.   Court (if federal court, name of the district; if state court, name of the county):   United States District Court, Northern Dist

3.   Docket number:   12 cv 03836

4.   Name of Judge to whom case was assigned:   Ronald A Guzman

5.   Type of case (for example: Was it a habeas corpus or civil rights action?):   1983 civil rights (prison conditions)

6.   Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?):   Dismissed

Rev. 10/3/19

2.

7.  Approximate date of filing lawsuit: 5/17/2012

8.  Approximate date of disposition: 10/7/2013

9.  Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?" Failure to State A claim upon which relief may Be granted

III.  **GRIEVANCE PROCEDURE**

A.  Is there a prisoner grievance procedure in the institution? ☒ Yes   ☐ No

B.  Did you present the facts relating to your complaint in the prisoner grievance procedure?   ☐ Yes   ☒ No

C.  If your answer is YES,
    1.  What steps did you take?
        N/A

    2.  What was the result?
        N/A

D.  If your answer is NO, explain why not.
    This Complaint does not pretain to Prison Conditions

E.  If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?   ☐ Yes   ☒ No

F.  If your answer is YES,
    1.  What steps did you take?
        N/A

Rev. 10/3/19

3.

2.   What was the result?   N/A

G.   If your answer is NO, explain why not.   This is not A mAtter Prison officials cAn resolve

H.   Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not:

N/A

Rev. 10/3/19

4.

United States District Court
Southern District of Illinois

Marcus Jenkins
        Plaintiff,

        V.                          CASE NO.

J.B. Pritzker                      3:19 cv 0673 GCS
        Defendant
IN His individual and
official capacity

        Memorandum of Law

1. Engquist v. Oregon Dep't of Agric, 128 S.Ct
   2146

2. Jarmuth v. City of Chicago 43 F.supp.3d
   889.893

3. Alicea v. Howell, 387 F.supp.2d 227, 236

4. People v. Buffer 2019 IL 122327

5. U.S.C.A const. Amend 14

6. U.S.C.A const. Amend 8

        Marcus Jenkins
           4/9/2020
                5.

IV.                    AMENDed Complaint

1. On the date of April 1, 2019 Governor JB
Pritzker Signed into Law Public Act 100-1182
and June 1, 2019 that bill became effective LAW.

2. Under the premise of Criminal Justice
Reform, Illinois passed a Law that would
only help juvenile youths that came into the
System after June 1, 2019. Juvenile youths
coming into the system will be eligible
for parole review after 20 years. The
Law wrongfully excludes juveniles that
has already been in the system from
receiving this same beneficial treatment

3. I was a juvenile offender (see Ex. 1 and 2)
I was (16) when arrested, I'm now (38) and
this law totally disregards my life, growth
and rehabilitative potential. If parole was
retroactive, I would have a chance to show
my growth, my achievements, that I am
psychologically and socially redeemed and
how I can be a productive member of
Society.

6.

4. All equal protection claims, regardless
of the size of the disadvantaged class,
are based on the principle that under
"Like Circumstances and conditions", people
Must be treated alike, unless there is
a rational reason for treating them
differently. Engquist v. Oregon Dept of Agric,
128 S.Ct, 2146. Thus, plaintiff states a
equal protection and cruel and unusual
punishment claim by showing that 1)
I have been and is continuing to be
intentionally treated differently from
others similarly situated 2) that there
is no rational basis for the difference
in treatment and 3) that the defendant
carried out an overly restrictive policy
that he Knew would Likely hurt Me now
and in the future resulting in the violation
of my protected rights and restricting
my ability of being restored to useful
citizenship.

5. The fourteenth Amendment forbids A
   State to deny any person within its

7.

Jurisdiction the equal protection of the
Law. That means that all persons
similarly situated should be treated
alike. U.S.C.A Const. Amend 14

6. My incoming status as a juvenile (16) in
1998 is synonymous with that of future
and pre-existing juvenile offenders. We
all lacked maturity, problem solving
skills, undeveloped sense of responsibility,
reckless, susceptible to negative influences,
including peer pressure. To be considered
"similarly situated" a plaintiff and his
comparators must be identical or directly
comparable in all material respects.
Jarmuth V. City of Chicago 43 F.supp. 3d 889,893

7. There are several cases before an
Illinois Circuit Court (Cook County)
pending resolutions to their respected
sentences. And, the one case that
is the focus of this complaint is

8.

People v. Dimitri Buffer (2019 IL 122327).
In 2017, the Appellate Court (1st) 142931
vacated Buffers sentence and remanded
his case to the Circuit Court for re-
sentencing. The State Appealed to the
Illinois Supreme Court and in 2019
the Ill. Sup. Ct. affirmed the Appellate
Courts judgment, vacated the sentence
and remanded for resentencing. See
EX.3

8. The relevant fact pretaining to Buffers
new sentencing hearing is that, once he is
resentenced, he will then be eligible for
parole review per Unified Code of Corr-
ections (730 ILCS 5/5-4.5-110). His new
sentence will come after June 1, 2019. See
EX.4

9. Before P.A. 100-1182 became Law, it
was argued to be a prospective bill
affecting "only" those that came into

9.

the system after June 1, 2019.

SEE EX. 5

Davidsmeyer: "Is this only going
   forward? So if somebody who has
   committed a crime prior to this
   becoming law, does.... is not affected
   by this?"

Currie: "Absolutely, I'm glad you mentioned
   that. I meant to say so in my
   opening remarks. This Bill will not
   affect anybody who is currently
   serving time in the Illinois Corre-
   ctional system. It is prospective only"

10. The fact of the matter is that P.A.100-1182
   will affect prisoners who was already in
   the system before this bill became Law.
   And, the one person in particular is
   Dimitri Buffer whom I am similarly
   suited to.

10.

11. Dimitri Buffer and myself are similarly
situated under the principles of LIKE
circumstances and conditions:

  1. We were both young males from an
    urban, gang, infested community,

  2. We both failed in school, See Ex.6(1-5)

  3. Our respected households lacked
    structure and discipline which perpetuated
    reckless behavior and irrational
    decision making,

  4. We were both (16) years of age when
    arrested,

  5. We were both labled as the principle,

  6. We were both convicted of murder
    in the first degree and sentenced
    to a prison term of 50 years under
    the Truth-in-Sentencing Act.

  7. After Arriving in the Illinois
    Department of Corrections we both
    needed help in every aspect of our
    life. And, if we possessed any
    aspiration to want more out of
    life than what was, a real

Course Correction needed to take place

(My 50 year Sentence was reduced in 2012 to 33 years)

12. The differences between Buffer and myself at this particular moment in time is that I am older, wiser and that I have a grown, up in coming successful daughter (Ariyanna Jenkins) and granddaughter (Alannah Jenkins) that need me. In my (21) years of incarceration I have turned around my negative behavior and made something of myself. See Ex. 7 (1 of 9) The life hurdles that Buffer will have to face and overcome, I have already accomplished. My behavior and rehabilitative potential was good enough to get a 17 year reduction 8 years ago. Therefore, My continued strides to get life right shouldn't prevent or exclude me from being able to show that I am worthy of a second chance.

12.

13. The Plaintiff in such a case will be required to show not only that he was badly treated but also that persons similarly situated were not treated that way. Alicea V. Howell, 387 F. Supp. 2d 227 236 (W.D.N.Y. 2005)

14. Whether Buffer petitions for a parole hearing when he becomes eligible doesn't really matter. What does matter is that he will rightfully have the right to utilize that option and I'm excluded dispite us being the likes of one another. This treatment is inconsistent with the principles of criminal Justice and parole itself. (That being, to rehabilitate, remediate and determine after a period of time whether a person is ready to return to society)

15. See Ex. 8

Currie: And I believe that young

13

people that are the subject of this Bill, those who are under 21, are similarly lacking at least in some circumstances good judgment, and they are also people who do not think through the conseq-uences of their actions.

I am similarly situated under "like circumstances and conditions" to Dimitri Buffer whos case happened a decade after mine and "we" are both similarly situated to a juvenile youth that comes into the system after June 1, 2019.

16. Once Buffer and other juvenile youths that has been incarcerated for years "prior" to ~~████~~ June 1, 2019 is resentenced in an Illinois court room, thereby making them eligible for parole review, there will be no way to rationally distinguish me from them. Therefore, the inadequacy of this State LAW violates my equal protection rights

14.

under Federal and State Constitution.
U.S.C.A Const Amend 14
Furthermore, with there being no
rational justification for the
difference in treatment. This violation
directly infringes on and offends my
8th Amendment right against Cruel and
unusual punishment. This violation
intentionally restricts my ability of
being restored to useful citizenship
U.S.C.A Const. Amend 8

17. My rehabilitation, growth and readiness
to return to society is ready to be
evaluated now. I can actually be a
pioneer for the parole project and
represent what rehabilitation looks
like. But instead, I'm being warehoused.

18. Plaintiff has been and will continue
to be irraparably injured by the
conduct of the defendant unless

15.

this court grants the declaratory
and injunctive relief which Plaintiff
seeks.

Wherefore, Plaintiff respectfully
prays that this court enters
judgment granting plaintiff:

V.  19. A declaration that the acts and
omission described herein violates
Plaintiff's rights under the Const-
itution and Laws of the United
States.

20. A preliminary and permanent
Injunction ordering defendant J.B.
Pritzker to make Parole retroactive
(At Least to those individuals that
came into the system as juveniles)
;

21. Compensatory damages in the amount
of $ 350,000.⁰⁰

16.

22. Punitive damages in the amount of
$ 450,000.⁰⁰

23 Conditional release if receiving a parole
hearing is not possible due to the prospective
LAW

24. Plaintiff's Cost in this Court

25. Any additional relief this Court deems
Just

Marcus Jenkins
4/9/2020

## V.    REQUEST FOR RELIEF

State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office.

## VI.   JURY DEMAND (*check one box below*)

The plaintiff ☒ does  ☐  does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: _4/9/2020_
(date)

Signature of Plaintiff: _Marcus Jenkins_

Street Address: _2600 N. Brinton Ave_

Printed Name: _Marcus Jenkins_

City, State, Zip: _Dixon, Illinois 61021_

Prisoner Register Number: _R00902_

Signature of Attorney (if any): _N/A_

Rev. 10/3/19

18.

People v. Jenkins, 2016 IL App (1st) 133286 (2016)

57 N.E.3d 521, 404 Ill.Dec. 762

2016 IL App (1st) 133286
Appellate Court of Illinois,
First District, Second Division.

The PEOPLE of the State of
Illinois, Respondent–Appellee,
v.
Marcus JENKINS, Petitioner–Appellant.

No. 1–13–3286.
|
June 21, 2016.

## Synopsis

**Background:** Petitioner, who was a juvenile when he was convicted as an adult, in the Circuit Court, Cook County, Henry Simmons, J., of first-degree murder, appealed. The Appellate Court, Cohen, P.J., 333 Ill.App.3d 534, 776 N.E.2d 755, 267 Ill.Dec. 383, affirmed. Petitioner filed postconviction relief petition, which was granted, and resulted in a reduced sentence. About one year later, petitioner filed a new postconviction relief petition. The Circuit Court, Cook County, James Michael Obbish, J., denied petitioner leave to file his petition, and he appealed.

**Holdings:** The Appellate Court, Neville, J., held that:

[1] petitioner's resentencing led to a new judgment, and therefore, petitioner had a right to file a petition challenging the new judgment without leave of the court, and

[2] the petition was sufficient to state the gist of a constitutional claim, and therefore, should not have been dismissed.

Reversed and remanded.

West Headnotes (2)

[1] **Criminal Law**
    Proceedings Subject to Review
    110 Criminal Law
    110XXX Post-Conviction Relief

110XXX(A) In General
110k1414 Proceedings Subject to Review
110k1415 In general
Postconviction relief petitioner's resentencing led to a new judgment, and therefore, petitioner had a right to file a petition challenging the new judgment without leave of the court, even though he did not label his new petition as an initial postconviction relief petition. S.H.A. 725 ILCS 5/122–1(a–5, f).

2 Cases that cite this headnote

[2] **Criminal Law**
    Counsel
    110 Criminal Law
    110XXX Post-Conviction Relief
    110XXX(C) Proceedings
    110XXX(C)3 Hearing and Determination
    110k1651 Necessity for Hearing
    110k1655 Particular Issues
    110k1655(6) Counsel
Postconviction relief petition, filed as a matter of right, which adequately alleged facts to support a claim that trial counsel provided ineffective assistance when he failed to request an instruction on second degree murder, was sufficient to state the gist of a constitutional claim, and therefore, should not have been dismissed; there was no strategic purpose for the failure to request the instruction on second degree murder, as the jury would need to find all the elements of first degree murder before it would consider the second degree murder instruction, so the instruction would not have jeopardized petitioner's interests, and the jury might have the accepted the option of second degree murder if the court had offered it. U.S.C.A. Const.Amend. 6.

Cases that cite this headnote

**Attorneys and Law Firms**

**\*522** Michael J. Pelletier, Alan D. Goldberg, and Linda Olthoff, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Mary Needham, and Whitney Bond, Assistant State's Attorneys, of counsel), for the People.

## OPINION

Justice NEVILLE delivered the judgment of the court, with opinion.

**\*\*763** ¶ 1 When a postconviction petition leads to resentencing, does a new petition filed after the resentencing count as an initial postconviction petition, or should courts treat it as a successive postconviction petition, which a petitioner has no right to file unless he can show cause and prejudice? We hold that the court should treat the petition as an initial postconviction petition, which the petitioner has a right to file, and which the trial court should dismiss only if the petitioner fails to state the gist of a claim for a deprivation of his constitutional rights. We find that Marcus Jenkins' postconviction petition states the gist of a constitutional claim, so we reverse the dismissal of the petition and remand for further proceedings.

## ¶ 2 BACKGROUND

¶ 3 On August 26, 1998, Marcus Jenkins, then 16 years old and a member of the Gangster Disciples, walked home from school with Ricky Hamilton, a member of the Milwaukee Kings, and another boy. On the way home, on a busy street, they encountered David Stopka of the Spanish Cobras and Omar Negron of the Ashland Vikings, who were at war with Hamilton's gang. In the course of the encounter, a stray bullet killed Edna DeLaRosa. Police arrested Jenkins the next day.

¶ 4 Jenkins spoke to an assistant State's Attorney at the police station and signed a handwritten statement about the shooting. According to the handwritten statement, Hamilton traded insults with Stopka and Negron. Hamilton then handed Jenkins a gun and told him to shoot Stopka and Negron. Jenkins "fired the gun at the two guys before they were able to get guns and come back and shoot at him and Ricky." All the boys ran from the scene. Jenkins followed Ricky as they ran through an alley. At the end of the alley he turned and saw Stopka,

about 15 feet away, holding a bat. Jenkins fired the gun and ran off.

¶ 5 Prosecutors charged Jenkins with first degree murder. A trial held in 2000 ended with a hung jury. At the retrial, Detective Alfonso Bautista testified that, at the police station the day after the shooting, Jenkins told Bautista that Jenkins had problems at school with members of rival gangs. He brought a gun to school on August 26, 1998, and left it outside the school. He retrieved it before he started to head for home. He handed the gun to Hamilton when Hamilton asked for it, but then Hamilton handed it back and told Jenkins to shoot. Jenkins admitted that he later fired the fatal bullet.

**\*523   \*\*764** ¶ 6 Negron testified about the gang rivalries and the encounter with Hamilton and Jenkins on August 26, 1998. When he saw Hamilton holding the gun, he and Stopka ran, and he heard shots as he ran. He and Stopka saw Hamilton and Jenkins again a few blocks away. Stopka picked up a bat and Negron held a bottle. Hamilton ran away from Stopka and Negron, and Stopka chased him wielding the bat. Negron heard more shots.

¶ 7 The trial record shows that defense counsel did not object to the State's instructions and did not offer any additional instructions.

¶ 8 During deliberations, the jury sent the judge a note to tell the judge that the jury could not reach a unanimous verdict. The judge told the jurors to continue deliberating. After five hours of deliberations, the jurors sent a second note with much the same message. The judge sequestered the jurors overnight. The next day, the jury reached unanimity, finding Jenkins guilty of first degree murder. The court sentenced Jenkins to 50 years in prison. The appellate court affirmed the judgment. *People v. Jenkins,* 333 Ill.App.3d 534, 542, 267 Ill.Dec. 383, 776 N.E.2d 755 (2002).

¶ 9 Jenkins filed a postconviction petition in 2003. The trial court granted the petition and the State appealed. *People v. Jenkins,* No. 1–09–1377 (2010) (unpublished order under Supreme Court Rule 23). In 2009, before the appellate court decided the appeal, Jenkins sought leave to file a second postconviction petition. The trial court denied Jenkins' request. The appellate court affirmed the trial court's decision to grant the initial postconviction petition. *Id.* On March 8, 2012, the proceedings following

**History (5)**

**Direct History (5)**

1. People v. Buffer
2012 IL App (1st) 102411-U , Ill.App. 1 Dist. , Aug. 16, 2012

*Appeal Denied by*

2. People v. Buffer
982 N.E.2d 770 , Ill. , Jan. 30, 2013

*AND Dismissal of Post-Conviction Relief Reversed by*

3. People v. Buffer
2017 IL App (1st) 142,931 , Ill.App. 1 Dist. , Mar. 29, 2017 , rehearing denied ( Apr 25, 2017 )

*Appeal Allowed by*

4. People v. Buffer
93 N.E.3d 1076 , Ill. , Nov. 22, 2017

*AND Judgment Affirmed by*

5. People v. Buffer
2019 IL 122,327 , Ill. , Apr. 18, 2019

© 2020 Thomson Reuters. No claim to original U.S. Government Works.

**People v. Buffer, --- N.E.3d ---- (2019)**

2019 IL 122327

In addition, Governor Pritzker recently signed into law Public Act 100-1182 (eff. June 1, 2019), which added section 5-4.5-110 to the Unified Code of Corrections (730 ILCS 5/5-4.5-110). This new law provides that, for most crimes, a person who was under the age of 21 when the crime was committed and is given a lengthy term-of-years sentence will have the ability to petition for parole after serving 10 years. If the conviction was for first degree murder or aggravated criminal sexual assault, the person will be eligible to petition for parole review after serving 20 years. The law applies to sentences imposed after the effective date of June 1, 2019.

---

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.

`Ex. 5`

STATE OF ILLINOIS
100th GENERAL ASSEMBLY
HOUSE OF REPRESENTATIVES
TRANSCRIPTION DEBATE

150th Legislative Day                           11/28/2018


Bryant:  "…my question on this particular Bill, focuses on the age
        between 18 and 21. So at 18 an individual can get married?

Currie:  "That's true."

Bryant:  "At 18 they can enter into a contract?"

Currie:  "They can, and many of them make bad contracts when
        they're eighteen."

Bryant:  "And at 18 they can enlist in the military or be drafted?"

Currie:  "True.

Bryant:  "And at 18 they can vote?"

Currie:  "They can, but they can't drink."

Bryant:  "And they can…they can they actually they can vote if
        they're 17, if they turn 18 before the election right?"

Currie:  "That's true."

Bryant:  "Okay, so I am going to urge a 'no' vote on this.
        Specifically because of the age of 18 to 21 on this Bill. I
        wish that you would have reduced this to age 18. And I would
        have looked at this a little closer to support it. So, I'm
        going to be voting 'no' and urging a 'no' vote on this.

Speaker Turner:  "Chair recognizes Representative Davidsmeyer.

Davidsmeyer:  "Thank you, Mr. Speaker. Question of the Sponsor."

Speaker Turner:  "Sponsor will yield."

Davidsmeyer:  "Is this only going forward? So if somebody who has
        committed a crime prior to this becoming law, does… is not
        affected by this?"

Currie:  "Absolutely, I'm glad you mentioned that. I meant to say
        so in my opening remarks. This Bill will not affect anybody
        who is currently serving time in the Illinois Correctional
        system. It is prospective only."

Case 3:19-cv-00673-GCS  Document 32  Filed 05/12/20  Page 24 of 41  Page ID #120

Ex. 6 (1 through 5)

INACTIVE

NAME:   JENKINS MARCUS                ID:   31745527    SSN: ~~XXXXXXXXX~~

ENTERED:   1730 YORK ALT H S        FROM:   1640 WELLS COMM ACAD
      ROOM/DIV 906 GRADE 09 ON: 08/24/99
      ROOM/DIV 904 GRADE 09 ON: 03/21/00
      ROOM/DIV 904 GRADE 10 ON: 08/22/00

LEFT TO:   CORRECTIONAL INST NCPS   -- 12/13/00      LV CODE:   35

ADDRESS:   1170 W ERIE          ST    APT:    701    PHONE:   312-733-5726
           CHICAGO IL 60622
                                              MEDICAL:   C
   NAME OF GUARDIAN:   LORIA JENKINS      GUARDIAN RELATION:   M
           FATHER:   NO INFO                STUDENT SEX:   M
   MOTHER (MAIDEN):   GLORIA JENKINS       R/ETHNIC CODE:   2
      BORN:   10/27/81 -- CHICAGO ILLINOIS   EMERGENCY INFO:   ON FILE
BIRTH VERIFICATION:   NONE                  EP LEVEL= :
      LAST UPDATED:   12/13/00 ON-LINE BY FM1730      SPL ED:
                                          MIN PROF EXAM:   P

NEXT INQUIRY->                    DISPLAY HISTORY-->

Ex. 6 (2 of 5)

RETURN-->

```
NAME:  JENKINS MARCUS     ID:   31745527   STATUS HISTORY
                                                              .LV.
UNIT.YYMMDD.RM .GR.ENTER FROM          .LEAVE TO              .CD.
====.======.===.==.======================.======================.==.
1730 001213 904 10                      CORRECTIONAL INST NCPS  35
1730 000822 904 10 1640WELLS COMM ACAD
1730 000321 904 09
1730 990824 906 09
              FIRST ENTRY IN CPS

              REQUEST A SEARCH FOR MORE HISTORY-->
        (SEARCHS FOR MORE HISTORY WILL BE COMPLETED IN ONE SCHOOL DAY)
```

**CPS** Chicago Public Schools
High School Transcript of Student Progress
HI116 Rev 4 1/10/04

**YORK ALT H S     (UNIT 1730)**
**2700 S CALIFORNIA AV**
**CHICAGO, ILLINOIS 60608**

Name: JENKINS MARCUS
  ID: 31745527   SSN: ~~xxxxxxxxx~~
  Born 10/27/81 (M)

Guardian: LORIA JENKINS         (M )
Address: 1170 W ERIE            ST   701
         CHICAGO, ILLINOIS 60622
         (10/16/06 - 904)

Date Graduated:

PAGE 1

| REQUIREMENT - | REQUIREMENT - | NON-CREDIT REQUIREMENT - COMPLETED |
|---|---|---|
| 4 ENGLISH | 2 FINE ARTS | 40 HOURS OF SERVICE LEARNING  0 |
| 3 MATHEMATICS | 2 PHYSICAL ED OR ROTC | DRIVER EDUCATION |
| 3 SCIENCE | 2 CAREER ED OR ROTC | CONSTITUTION (PL195)        01/98 |
| 3 SOCIAL SCIENCE | 3 ELECTIVES | CONSUMER EDUCATION |
| 2 WORLD LANGUAGE | 24 TOTAL CREDITS FOR A CPS DIPLOMA OR | |
| | 28 TOTAL CREDITS FOR A CPS DIPLOMA WITH A CONCENTRATION | |
| | IN AN EDUCATION TO CAREERS PROGRAM | |

## FRESHMAN YEAR

SEMESTER  DAYS TIMES
ENDING  ABSENT TARDY CLASS RANK
01/1997  29.0    18   371/ 419
CumGPA: 0.1538 Unweighted: 0.1538
06/1997  26.0     7   346/ 382
CumGPA: 0.2308 Unweighted: 0.2308

### FIRST SEMESTER

| LV SUBJECT NAME | YR | GRADE | CREDIT |
|---|---|---|---|
| R FRSH ENGLISH | 1 | F | 0.000A |
| N FRESHMAN SKILLS | 1 | F | 0.000A |
| N FRESH W GEOG | 1 | D | 0.500A |
| R FRESH ALGEBRA | 1 | F | 0.000A |
| ARCHITECTURAL DRAFT | 1 | F | 0.000A |
| FRESH GEN MUSIC | 1 | F | 0.000A |
| FRESH HEALTH | 1 | F | 0.000A |
| SEM WEIGHTED GPA: 0.1538 | | | 0.500 |

### SECOND SEMESTER

| LV SUBJECT NAME | YR | GRADE | CREDIT |
|---|---|---|---|
| R FRSH ENGLISH | 1 | F | 0.000A |
| N FRESHMAN SKILLS | 1 | F | 0.000A |
| N FRESH W GEOG | 1 | D | 0.500A |
| R FRESH ALGEBRA | 1 | F | 0.000A |
| ARCHITECTURAL DRAFT | 1 | F | 0.000A |
| FRESH GEN MUSIC | 1 | D | 0.500A |
| FRESH P.E. | 1 | F | 0.000A |
| SEM WEIGHTED GPA: 0.3077 | | | 1.000 |

## FRESHMAN YEAR

SEMESTER  DAYS TIMES
ENDING  ABSENT TARDY CLASS RANK
01/1998  24.0    19   386/ 418
CumGPA: 0.2162 Unweighted: 0.2162
06/1998  40.0    36   358/ 384
CumGPA: 0.2500 Unweighted: 0.2500

### FIRST SEMESTER

| LV SUBJECT NAME | YR | GRADE | CREDIT |
|---|---|---|---|
| R ENGLISH | 2 | F | 0.000A |
| PUBLIC LAW 195 TEST | 1 | D | 0.000A |
| N UNITED STATES HIST | 1 | D | 0.500A |
| R BIOLOGY | 1 | F | 0.000A |
| R GEOMETRY | 1 | F | 0.000A |
| ARCHITECTURAL DRAFT | 2 | F | 0.000A |
| ADVISORY | 1 | F | 0.000A |
| P.E. | 2 | F | 0.000A |
| SEM WEIGHTED GPA: 0.1818 | | | 0.500 |

### SECOND SEMESTER

| LV SUBJECT NAME | YR | GRADE | CREDIT |
|---|---|---|---|
| DRIVER ED CLASSROOM | 1 | F | 0.000A |
| R ENGLISH | 2 | F | 0.000A |
| N UNITED STATES HIST | 1 | D | 0.500A |
| R BIOLOGY | 1 | D | 0.500A |
| R GEOMETRY | 1 | F | 0.000A |
| ARCHITECTURAL DRAFT | 2 | F | 0.000A |
| ADVISORY | 1 | F | 0.000A |
| P.E. | 2 | F | 0.000A |
| SEM WEIGHTED GPA: 0.3636 | | | 1.000 |

## ACADEMIC INFORMATION

CUMULATIVE WEIGHTED GPA:    0.2500
CUMULATIVE UNWEIGHTED GPA:  0.2500

CARNEGIE UNITS ATTEMPTED:   12.000
CARNEGIE UNITS COMPLETED:    3.000

CLASS RANK:  358
CLASS SIZE:  384
   AS OF: 06/1998

### STANDARDIZED SCORES

### ACTIVITIES AND HONORS

### TRANSFER CREDITS

A   WELLS HS

```
10/18/2006  07:13   17738695515          YORK HS DIV 5 NAKA                PAGE  05
```

Ex. 6 (4 of 5)

```
.DATE 16 OCT 06   10:16:45      REPORT GENERATION      DN1730
```

```
OCTOBER 16, 2006                  TRANSCRIPT POSTING REPORT            YORK ALT H S
 31745527 JENKINS MARCUS          GENDER=M                    GRADE=10 DIV=904
          BIRTHDATE=10/27/1981    HOME PHONE=312-733-5726
          MED COMPLIANCE:  PHY EXAM=  IMMUNIZATIONS=
          SPL ED=        HOME LANG=      BIL PGM YR=
          LEAVE INFO: 35 001213 CORRECTIONAL INST NCPS
********************************* SEMESTER SUMMARY ********************************
                                     CREDIT
        UNIT DIV GR MM/YY  ABS  TDY EARNED RANK  OF
        1640 058 09 01/97 29.0   18  0.500 0371 0419
        1640 058 09 06/97 26.0    7  1.000 0346 0382
        1640 160 09 01/98 24.0   19  0.500 0386 0418
        1640 160 09 06/98 40.0   36  1.000 0358 0384
*************************** COURSES PASSED *********************************** REQUIREMENT
        L                Y         S G              S G
SUBJT   V COURSE TITLE   R UNIT M R CREDT MM/YY UNIT M R CREDT MM/YY
28218 N FRESH W GEOG     1 1640 1 D 0.500 01/97 1640 2 D 0.500 06/97  1.000 SOCIAL SCI III
28618 N UNITED STATES HIST 1 1640 1 D 0.500 01/98 1640 2 D 0.500 06/97  1.000 U.S. HISTORY
33218 R BIOLOGY          1                       1640 2 D 0.500 06/98  0.500 LIFE SCIENCE
95518   FRESH GEN MUSIC  1                       1640 2 D 0.500 06/97  0.500 MUSIC
*************************** COURSES FAILED *********************************** REQUIREMENT
        L                Y         S G              S G
SUBJT   V COURSE TITLE   R UNIT M R CREDT MM/YY UNIT M R CREDT MM/YY
13118 R FRSH ENGLISH     1 1640 1 F 0.000 01/97 1640 2 F 0.000 06/97    ENGLISH I
21918 N FRESHMAN SKILLS  1 1640 1 F 0.000 01/97 1640 2 F 0.000 06/97    ELECTIVE
43318 R FRESH ALGEBRA    1 1640 1 F 0.000 01/97 1640 2 F 0.000 06/97    ALGEBRA I
60510   ARCHITECTURAL DRAFT 1 1640 1 F 0.000 01/97 1640 2 F 0.000 06/97  CAREER ED
95518   FRESH GEN MUSIC  1 1640 1 F 0.000 01/97                         MUSIC
99018   FRESH HEALTH     1 1640 1 F 0.000 01/97                         PHYSICAL ED I
99018   FRESH P.E.       1                       1640 2 F 0.000 06/97    PHYSICAL ED I
13128 R ENGLISH          2 1640 1 F 0.000 01/98 1640 2 F 0.000 06/98    ENGLISH II
33218 R BIOLOGY          1 1640 1 F 0.000 01/98                         LIFE SCIENCE
43418 R GEOMETRY         1 1640 1 F 0.000 01/98 1640 2 F 0.000 06/98    GEOMETRY I
60520   ARCHITECTURAL DRAFT 2 1640 1 F 0.000 01/98                      CAREER ED
98310   ADVISORY         1 1640 1 F 0.000 01/98 1640 2 F 0.000 06/98    ADVISORY
99028   P.E.             2 1640 1 F 0.000 01/98 1640 2 F 0.000 06/98    PHYSICAL ED II
01018   DRIVER ED CLASSROOM 1 1640 0 F 0.000 01/98                      DRIVERS ED
60520   ARCHITECTURAL DRAFT 2 1640 0 F 0.000 06/98                      CAREER ED
*************************** NON-CREDIT COURSES ******************************** REQUIREMENT
        L                Y         S G              S G
SUBJT   V COURSE TITLE   R UNIT M R CREDT MM/YY UNIT M R CREDT MM/YY
21618   PUBLIC LAW 195 TEST 1 1640 0 D 0.000 01/98                      PUBLIC LAW 195
*************************** OTHER SCHOOLS ATTENDED ****************************
     UNIT SCHOOL NAME
     1640 WELLS HS
*************************** STUDENT TOTALS ***********************************
```

| REQUIREMENT | REQD | COMPL | REQUIREMENT | REQD | COMPL | REQUIREMENT | REQD | COMPL |
|---|---|---|---|---|---|---|---|---|
| * ENGLISH I | 1 | | LIFE SCIENCE | 1 | 0.50 | WORLD LANG I | 1 | |
| * ENGLISH II | 1 | | PHYSICAL SCI | 1 | | WORLD LANG II | 1 | |
| * ENGLISH III | 1 | | EARTH SCIENCE | 1 | | ART/DRAFTING | 1 | |
| * ENGLISH IV | 1 | | ALGEBRA I | 1 | | MUSIC | 1 | 0.50 |
| * WORLD STUDIES | 1 | | GEOMETRY I | 1 | | PHYSICAL ED I | 1 | |
| * U.S. HISTORY | 1 | 1.00 | ADV ALG/TRIG | 1 | | PHYSICAL ED II | 1 | |
| * SOCIAL SCI III | 1 | 1.00 | | | | CAREER ED | 2 | |

EX. 6 (5 of 5)

|  | | OTHER | 0 | ELECTIVE | 3 |
|---|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| CREDITS EARNED | 3.000 | SERVICE LEARNING HOURS | 0 |
| CREDITS ATTEMPTED | 12.000 | DRIVER EDUCATION | |
| WEIGHTED GRADE POINT AVERAGE | 0.2500 | CONSTITUTION EXAM (PL195) | 01/98 |
| UNWEIGHTED GRADE POINT AVERAGE | 0.2500 | CONSUMER EDUCATION (SB977) | |

..... END REPORT .....

Exhibits No. 7 (1 of 9)

These are some of my accomplishments.
The rest of my diplomas and certificates
along with my Barbers certificate which
I achieved in 2008 are stored in the Cook
County Public Defenders Warehouse.

When I was resentenced in 2012 my then
attorney Vicki Rogers had all of my diplomas
and certificates to use as mitigating evidence.
I never received the documents back, Vicki
Rogers retired and my file was stored in
Warehouse.

****END OF TRANSCRIPT****

*Lake Land College*

| Course # Course Title | Grade | Att Hrs | Cmpt Hrs | Notes |
|---|---|---|---|---|
| **Term 2013FA** | | | | |
| BUS-092 Principles of Selling | F | 3.00 | 3.00 | |
| Totals: | | 3.00 | 3.00 | GPA = 0.000 |
| **Term 2015FA** | | | | |
| ATO-040 Vocational-Technical Math | B | 3.00 | 3.00 | |
| SPE-111 Intro to Speech Communication | A | 3.00 | 3.00 | |
| Totals: | | 6.00 | 6.00 | GPA = 3.500 |
| **Term 2016SP** | | | | |
| SPE-200 Interpersonal Communication | B | 3.00 | 3.00 | |
| BUS-142 Introduction to Business | A | 3.00 | 3.00 | |
| Totals: | | 6.00 | 6.00 | GPA = 3.500 |
| **Term 2016SU** | | | | |
| EMS-055 Introduction to First Response | B | 3.00 | 3.00 | |
| PSY-271 Intr/Psychology | B | 3.00 | 3.00 | |
| Totals: | | 6.00 | 6.00 | GPA = 3.000 |
| **Term 2019SP** | | | | |
| HSP-065 Intro to Substance Abuse | A | 3.00 | 3.00 | |
| HSP-120 Introduction to Social Work | C | 3.00 | 3.00 | |
| BUS-093 Securities/Investment | A | 3.00 | 3.00 | |
| Totals: | | 9.00 | 9.00 | GPA = 3.333 |
| **Term 2019SU** | | | | |
| BUS-095 Fundamentals of Accounting | C | 3.00 | 3.00 | |
| BIO-050 Basic Anatomy & Physiology | B | 4.00 | 4.00 | |
| Totals: | | 7.00 | 7.00 | GPA = 2.571 |
| **Term 2019FA** | | | | |
| PSY-273 Abnormal Psychology | A | 3.00 | 3.00 | |
| Totals: | | 3.00 | 3.00 | GPA = 4.000 |

TOTALS: HRS ATT = 40.00   HRS CMPT = 40.00   GRADE POINTS = 120.00   GPA = 3.000

Marcus Jenkins
5835 State Rte 154
Pinckneyville IL 62274

Student ID: 0283627
Soc. Sec.: XXX-XX-5315
Birth Date: 10/27/XX
Print Date: 03/11/20

Ex. 7
1 of 9



# BLACK HISTORY MONTH AWARD

Theme: Black Women In American Culture & History

This Certificate is Presented to:

MARCUS JENKINS

For

1ST PLACE POETRY CONTEST

February 29, 2012

Warden M. Hardy

Assistant Warden Edwards

Ex.7
2 of 9

# Criminon™ Illinois

P. O. Box 285
Grayslake, IL  60030

May 10, 2015

Marcus Jenkins R00902
Dixon Correctional Center
2600 N. Brinton Ave.
Dixon, IL 61021

Dear Marcus,

Congratulations on completing the *Way to Happiness Course*.  Thank you for your Success Story, and your attest form. Your certificate is enclosed.

Your next course, *The Learning Skills for Life Course*, is also enclosed. This is the required course after *Way to Happiness*.  After this course, you can take whatever course you wish.  I'm sending you the first 2 lessons.  Your supervisor will send the rest.

This course has only 9 lessons, and it will help you with any additional Criminon courses you do, as well as with anything else you study.  After you complete this course, you will be free to choose the course you wish to take.

We at Criminon wish you every success on your new course, and in life.

Sincerely,

Mary
Criminon Illinois

EX. 7
3 of 9

# Criminon™

"There is no person alive who cannot make a new beginning."
... The Way to Happiness Book

Does hereby certify that

## Marcus Jenkins

Has successfully completed the requirements necessary and is
therefore awarded this Certificate of Completion for

## The Way to Happiness Course

This 9th Day of May 2015    Certificate # 2577

Director

© 2009 Masterpiece Studios, Inc.

# Criminon™ Illinois

P. O. Box 285
Grayslake, IL  60030

December 23, 2016

Marcus Jenkins R00902
Dixon Correctional Center
2600 N. Brinton Ave.
Dixon, IL 61021

EX. 7
4 of 9

Dear Marcus,

Congratulations on completing *The Learning Skills for Life Course!*  We
received your Success Story and Attest form. Your certificate of
completion is enclosed.

I understand you do not want to do another Criminon course at this
time.  If you decide you wish to continue, you may do so by writing to us.

We at Criminon wish you every success in life.

Sincerely,

Mary
Criminon Illinois

# Criminon™

"There is no person alive who cannot make a new beginning."
... The Way to Happiness Book

*Does hereby certify that*

## Marcus Jenkins

Has successfully completed the requirements necessary and is
therefore awarded this Certificate of Completion for

## The Learning Skills for Life Course

*This 23rd Day of December 2016*   Certificate # 2858

*Director*

Ex. 7
5 of 9

# Certificate of Completion

## Certificate Awarded To

### Marcus Jenkins

in recognition of successful completion of
Abnormal Psychology
Lakeland College's Night Module Program
Pinckneyville CC

October 7, 2019

Mrs. Simon

EX. 7
6 of 9

# Stateville Correctional Center
# Department of Mental Health

*Certificate of Participation is hereby granted to:*

### Markus Jenkins

*for completing an introductory program in*

## Finding Purpose/Houses of Healing

*A program designed to briefly address: Self esteem, foster emotional & spiritual growth, encourage responsibility & accountability, & develop stress management skills*

Deb L. Talley, M.A.
Psychology Intern

Kelly Kushnereit, M.S.
Psychology Intern

Abby Ray, Ph.D.

EX 7
7 of 9

# ILLINOIS STATE BOARD OF EDUCATION
## High School Equivalency Certificate

### THIS IS TO CERTIFY THAT

### MARCUS JENKINS

has successfully completed the requirements of the High School Level Tests
of General Educational Development and other State requirements, promulgated
by the Illinois State Board of Education, as authorized by the statutes of the State of Illinois.

In recognition of such achievement and as evidence of such entitlement,
I hereunto set my hand and affix the seal of the

County of ____ Will ____ this ____ 1st ____ day of ____ November ____ 20 __04__

_Richard R. Duran_
Regional Superintendent of Schools

_Robert E. Schiller_
**Robert E. Schiller**
State Superintendent of Education

JB Pritzker
Governor



John Baldwin
Acting Director

Ex. 7
8 of 9

## The Illinois Department of Corrections

Pinckneyville Correctional Center
5835 State Route 154 • Pinckneyville, IL  62274-3410 • (618) 357-9722 TDD: (800) 526-0844

# MEMORANDUM

DATE:        3/15/19

TO:           R00902 Jenkins, Marcus                             5D72

FROM:       Christina Batson
              Record Office Supervisor, TA

SUBJECT:   Earned Program Sentence Credits (EPSC)

---

The Record Office has received a goal statement confirming your participation in one of our educational classes. After a review, it has been determined that you have successfully met your goal and have been recommended for an award of EPSC. According to Illinois statute 730ILCS 5/3-6-3(a)(2)(i) you are ineligible for an award of sentence credits because the award would reduce your sentence below 100%. Your 48 days of successful program participation has been documented and added to your master record.

Thank you,

*Christina Batson*

CC: Record Office

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

JB Pritzker
Governor



Rob Jeffreys
Acting Director

Ex. 7
9 of 9

### The Illinois Department of Corrections

Pinckneyville Correctional Center
5835 State Route 154 • Pinckneyville, IL  62274-3410 • (618) 357-9722 TDD: (800) 526-0844

# MEMORANDUM

DATE:        8/15/19

TO:          **R00902 JENKINS, MARCUS**                          3D75

FROM:        Christina Batson
             Record Office Supervisor

SUBJECT:     Earned Program Sentence Credits (EPSC)

---

The Record Office has received a goal statement confirming your participation in one of our educational classes. After a review, it has been determined that you have successfully met your goal and have been recommended for an award of EPSC. According to Illinois statute 730ILCS 5/3-6-3(a)(2)(i) you are ineligible for an award of sentence credits because the award would reduce your sentence below 100%. Your 29 days of successful program participation has been documented and added to your master record.

Thank you,

*Christina Batson*

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

Ex. 8

STATE OF ILLINOIS
100th GENERAL ASSEMBLY
HOUSE OF REPRESENTATIVES
TRANSCRIPTION DEBATE

150th Legislative Day                                    11/28/2018

   believe this is a good Bill designed to protect our youth and
   our society. Thank you."

Speaker Turner: "Chair recognizes Representative Bryant."

Bryant:    "Thank   you,   Mr.   Speaker.   Question   of   the…   for   the
   Sponsor."

Speaker Turner: "The Sponsor will yield."

Bryant:  "Representative, again, I… I want to ask a question. I
   think Representative Breen asked it, too. But this is… this
   goes up to age 21 right?"

Currie: "If the crime was committed before the age of 21."

Bryant:  "Okay, and could you say again why we're using age 21
   instead of 18?"

Currie:  "We're using that in part because our hand is being forced
   by the United States Supreme Court. You may remember that in
   the Miller case the court decided that imposing a sentence of
   life in prison without the possibility of parole against a
   young   person,   someone   under   the   age   of   18,   was
   unconstitutional. The court found it unconstitutional because
   of   precisely   the   brain   research   that   was   previously
   discussed. Young minds do not exercise sound judgment. They
   may not understand the consequences of their actions. What
   the court said is to put these people in jail without ever
   the possibility of release is unconstitutional. And I believe
   that the young people that are the subject of this Bill, those
   who are under 21, are similarly lacking at least in some
   circumstances good judgment, and they are also people who do
   not think through the consequences of their actions."

Bryant:  "So, my question…"

Currie:  "They're impulsive."