UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARCUS JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:19-cv-0673-GCS |
| | ) | |
| J.B. PRITZKER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Pending before the Court is non-party pro se litigant Kareem Miller's Rule 20(a)(1) motion to join as Plaintiff. (Doc. 40). Specifically, Miller contends that like Plaintiff Jenkins he too was a youth offender under the age of 21 and that Illinois Public Act 100-1182 signed ("the Act") into law on April 1, 2019 violates his equal protection rights and that Act constitutes cruel and unusual punishment.[1] In response, Defendant Pritzker filed a motion to strike that motion. (Doc. 44). Based on the reasons delineated below, the Court grants Pritzker's motion to strike and strikes the Miller's Rule 20(a)(1) motion to join as Plaintiff.

The Federal Rules of Civil Procedure allow joinder of Plaintiffs if they assert a claim arising out of the same transaction or occurrence, and if there is a common question of law or fact common to all plaintiffs. *See* FED. R. CIV. PROC. 20(a)(1)(A), (B). Here, joinder is not appropriate. Miller failed to establish that his claim and Plaintiff Jenkins' claim arise

---

[1] The Act established a new parole system for youth offenders under the age of twenty-one (21). *Id*. The Act does not apply retroactively. *Id*.

out of "the same transaction, occurrence or series of transactions or occurrences." While both Plaintiff Jenkins and Miller were sentenced under the age of twenty-one, they were not sentenced as a result of the same criminal case or even the same charges. Plaintiff Jenkins is serving a thirty-three year sentence for murder, and Miller is serving a twenty-five year sentence for attempted murder. Clearly, the claims are not related.

Moreover, the difference in the underlying charges and sentences of the two individuals undercuts the notion of a common question of law or fact common to all plaintiffs. For example, both Miller and Jenkins contend that Illinois Public Act 100-1182 constitutes cruel and unusual punishment. However, the difference in sentences and underlying charges arguably could affect the outcome if an Eighth Amendment proportionality analysis is employed. *See, e.g., Harmelin v. Michigan*, 501 U.S. 957, 998-1001 (1991)(finding that Eighth Amendment does recognize a proportionality principle and discussing that the most prominent objective factor in a proportionality analysis "is the type of punishment imposed.")(concurring opinion by Justice Kennedy, O'Connor and Souter). *But see Id.* at 965 (stating that the Eighth Amendment contained no proportionality guarantee)(opinion by Justice Scalia and Chief Justice Rehnquist).

Furthermore, the record does not reveal that Miller has filed his own case. If the Court allowed Miller to join the instant matter, it would need to access payment of the full filing fee on Miller. *See, e.g., Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004)(noting that each prisoner is responsible for payment of the full filing fee no matter how many other plaintiffs join the complaint). And, to the extent that Miller would seek *in forma pauperis* status, the Prison Litigation Reform Act imposes specific financial requirements

on certain litigants. For example, a person who has struck out[2] under Section 1915(g) will generally be required to *prepay* the full filing fee. *See* 28 U.S.C. § 1915(a)(1), (g) (emphasis added). Because Miller has not filed his own case, the Court does not have the required information on Miller's prior litigation history to determine whether or not he should be required to pay the full filing fee up front.

Finally, in addition to the requirements listed in Federal Rule of Civil Procedure 20(a)(1), the Seventh Circuit has also recognized that a district court has discretion to consider "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness [or would] create prejudice, expense or delay." *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001)(quotation marks and citations omitted). The Seventh Circuit has stated that "[c]omplaints about prison-wide practices do not require more than one plaintiff." *Boriboune*, 391 F.3d at 856. The complained of practice is statewide, as opposed to prison-wide, but the principle remains the same. If Jenkins is successful in his lawsuit, Miller and others that are similarly situated will arguably benefit from Jenkins's success. Thus, there is no need to add Miller to the instant lawsuit.

Accordingly, the Court **GRANTS** the motion to strike Rule 20(a)(1) motion to join as Plaintiff (Doc. 44) and **STRIKES** non-party Miller's Rule 20(a)(1) motion to join as Plaintiff (Doc. 40).

---

[2]     The term "struck out" refers to a "prisoner [who] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.] . . ." 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: August 28, 2020.

Digitally signed
by Judge Sison 2
Date: 2020.08.28
16:39:23 -05'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**