## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARCUS JENKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:19-cv-00673-GCS** |
| | ) | |
| **J. B. PRITZKER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On December 23, 2020, the Court set this matter for telephone hearing for January 26, 2021 at 10:00 a.m. on Defendant's motion to dismiss for lack of prosecution (Doc. 46). The Notice warned Plaintiff that the failure to appear "may result in dismissal of his case." The record reflects that Jenkins was released from the Illinois Department of Corrections on December 8, 2020. (Doc. 46-1). On January 26, 2021, the Court held the telephone hearing on Defendant's motion to dismiss for lack of prosecution and Jenkins failed to appear by telephone. (Doc. 50). Thereafter, the Court entered a Show Cause Order directing Plaintiff to explain in writing his failure to prosecute this case and warned him that the failure to respond would result in the dismissal with prejudice of his case. (Doc. 51). As of this date, Plaintiff has not responded.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to

prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013)(quoting *Johnson v. Chi. Bd. of Educ.*, 718 F.3d 731, 732-733 (7th Cir. 2013)). The Seventh Circuit has suggested that in addition to warning the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id*. (citing *Kruger v. Apfel*, 214 F.3d 784, 786-787 (7th Cir. 2000)).

Plaintiff has not responded to the January 26, 2021 Show Cause Deadline, and the time to do so has passed. The Court has more than 200 cases on its docket, and if the Court permits this case to drag on further waiting for Plaintiff to respond, it will detrimentally impact the efficient and timely handling of its other cases. Accordingly, the Court **DISMISSES with prejudice** this action pursuant to Rule 41(b). *See* FED. R. CIV. PROC. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

In an abundance of caution, and noting Plaintiff's *pro se* status, the Court advises Plaintiff as follows. Plaintiff has two means of contesting this order: he may either request this Court review this order, or he may appeal the order to the Seventh Circuit Court of Appeals.

If Plaintiff chooses to request this Court to review this order, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Plaintiff *must* file the motion within twenty-eight (28) days of the entry of judgment; the deadline *cannot* be extended. *See* FED. R. CIV. PROC. 59(e); 6(b)(2). The motion also must comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *See Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)(stating that a party must establish either manifest error of law or fact, or that newly discovered evidence precluded entry of judgment in order to prevail on a Rule 59(e) motion) (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. *See* FED. R. APP. PROC. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. *See* FED. R. APP. PROC. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). However, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v.*

*CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–820 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

In contrast, if Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal from the entry of judgment or order appealed from *within 60 days*. *See* FED. R. APP. PROC. 4(a)(1)(B) (emphasis added). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. *See* FED. R. APP. PROC. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012)(explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011)(explaining the excusable neglect standard).

Plaintiff may appeal to the Seventh Circuit by filing a notice of appeal in this Court. *See* FED. R. APP. PROC. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. *See* FED. R. APP. PROC. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. PROC. 24(a)(1). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. PROC. 24(a)(1)(C). If Plaintiff is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

IT IS SO ORDERED.

DATED:    February 17, 2021.

Digitally signed
by Judge Sison 2
Date: 2021.02.17
14:59:20 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**